IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                        No. 03-20150-B

ANTONIO OWENS,

    Defendant.

---

ORDER DENYING MOTION TO TAKE PHYSICAL CUSTODY
OR, IN THE ALTERNATIVE, RELEASE FROM CUSTODY

---

        On March 19, 2007, Defendant Antonio Owens, Tennessee Department of Correction ("TDOC") prisoner number 223383, an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee, has filed a pro se motion in his closed criminal case, entitled "Motion to Take Physical Custody or in the Alternative Release from Custody." (Docket Entry ("D.E.") 56.)

        On September 12, 2003, Owens entered a guilty plea before District Judge Jon Phipps McCalla of violating 18 U.S.C. § 922(g), which prohibits the possession of firearms by convicted felons. On January 14, 2004, he was sentenced to a term of imprisonment of eighty-six (86) months, to be followed by a two-year period of supervised release. Judgment was entered on January 15, 2004. United States v. Owens, No. 03-20150-B (W.D. Tenn.).

        On March 10, 2004, Owens was convicted in the Shelby County Criminal Court of second degree murder and was sentenced to a term of

imprisonment of thirteen years, six months. The judgment stated that the sentence was to run concurrent with the federal sentence imposed in this case, and the judgment also provided that Owens was to be given credit for the time served in federal custody. (D.E. 56 at 6.)

On January 5, 2005, Owens filed a pro se motion in this closed criminal case seeking to amend the judgment to reflect that his federal and state sentences are to run concurrently. (D.E. 53.) The Court issued an order denying that motion on February 10, 2005. (D.E. 55.) The order also stated that, "to the extent the rather vague motion intends to make a request therefor, the Court also does not have the authority to order the Bureau of Prisons ("BOP") to award Owens sentence credit for time spent in TDOC custody." (Id. at 2.)

The defendant subsequently filed a motion in the Shelby County Criminal Court "requesting that Honorable Court to Abide by its Plea Agreement in honoring its decision to have the Petitioner serve his State [of Tennessee] and Federal sentences concurrently." (D.E. 56 at 3 (brackets in original).) On March 17, 2006, that court issued an order that stated, in pertinent part, as follows:

> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the agreement with the State of Tennessee be honored and that Defendant Antonio Owens be released to the custody of the Federal Government on February 5, 2007 or as soon as practicable after that date. That he shall be given credit for the 86 months, which he will serve in Federal Custody. If the Federal Government will not take custody of the Defendant, then the Defendant will remain in the custody of the State of Tennessee until his sentence is completed as determined by the Department of Corrections.

(Id. at 8.)

Owens filed this motion because he has not been taken into federal custody. He seeks an order "direct[ing] the [Federal]

2

Government to take physical custody of the Petitioner and/or release the Petitioner from custody in the State of Tennessee." (Id. at 4.)

Owens has cited no authority for the proposition that the Court has the authority to order that he be taken into federal custody. The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a judgment imposing sentence. Fed. R. Crim. P. 35(c) permits correction of technical errors in a sentence, but only if the court acts within seven (7) days of the entry of judgment. Although Fed. R. Crim. P. 36 contains no time limitation, it permits only correction of clerical mistakes in judgments. Moreover, 18 U.S.C. § 3582(c), the only statute that authorizes a federal judge to modify a sentence because of a change in circumstances, is inapplicable here.

Pursuant to 18 U.S.C. § 3621, persons convicted of federal crimes are committed to the custody of the BOP. That section vests the BOP with the discretion to assign prisoners to particular prisons or programs.[1] It does not create any right to amend or modify the judgment under which a prisoner is sentenced. See United States v. Serafini, 233 F.3d 758, 779 n.23 (3d Cir. 2000) ("[A] district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence. Rather, the power to determine the location of imprisonment rests with the Bureau of Prisons.")

---

[1] The statute provides, in pertinent part, as follows:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable.

3

(emphasis in original); <u>United States v. Jalili</u>, 925 F.2d 889, 893 (6th Cir. 1991) (sentencing recommendation designating place of confinement is "mere surplusage"); <u>Brown-Bey v. United States</u>, 720 F.2d 467, 470 (7th Cir. 1983) (interpreting § 3621(b)'s language "[t]he Bureau may designate any available . . . facility" for a prisoner's confinement as not creating any statutory right to assignment to a particular prison or to transfer between prisons); <u>Lyons v. Clark</u>, 694 F. Supp. 184, 187 (E.D. Va. 1988) (same); <u>cf. Lopez v. Davis</u>, 531 U.S. 230, 238-44 (2001) (interpreting 18 U.S.C. § 3621(e)(2)(B) broadly to permit the BOP to exercise its discretion on a categorical or case-by-case basis).

Moreover, a criminal motion is not the appropriate vehicle for challenging the execution of a federal sentence. To the extent Owens contends the BOP failed properly to exercise its discretion under 18 U.S.C. § 3621(b), he must file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See <u>Jalili</u>, 925 F.2d at 893; <u>Wright v. United States Bd. of Parole</u>, 557 F.2d 74, 78 (6th Cir. 1977). To obtain federal habeas review of the execution of a federal sentence, including the computation of sentence credit, a prisoner must first exhaust his administrative remedies through the BOP. <u>United States v. Westmoreland</u>, 974 F.2d 736, 737-38 (6th Cir. 1992); <u>see also Davis v. Keohane</u>, 835 F.2d 1147 (6th Cir. 1987)(requiring exhaustion of administrative remedies within BOP before pursuing habeas relief); <u>Little v. Hopkins</u>, 638 F.2d 953 (6th Cir. 1981)(same).

Pursuant to the BOP's administrative remedy program, 28 C.F.R. §§ 542.10-542.19, the warden has the initial responsibility for responding to grievances, <u>id.</u>, § 542.11(a). An inmate who is not

4

satisfied with the warden's response may appeal to the BOP's regional director "within 20 calendar days of the date the Warden signed the response" and, thereafter, to the general counsel of the BOP "within 30 calendar days of the date the Regional Director signed the response." Id. § 542.15(a). According to the regulations, "response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." Id. § 542.18. Owens's motion does not disclose whether he exhausted his request that the BOP take physical custody of him to permit his federal and state sentences to run concurrently.[2]

For the foregoing reasons, the Court DENIES Owens's motion for an order directing the BOP to take custody of him. The Court also DENIES Owen's request for an order releasing him from the custody of the State of Tennessee, as he has cited no authority for the proposition that the Court has the authority to grant that relief.

IT IS SO ORDERED this 18th day of September, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] In the alternative, the BOP could designate the state prison as the place where Owens's federal sentence is to be served.

5